IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-07-060-JHP |
| | ) | |
| CARROLL WAYNE ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

Before the Court are Defendant Carroll Wayne Rogers' Motion in Limine [Docket No. 28], and the Government's Response in Opposition [Docket No. 52]. Rogers seeks to exclude six categories of evidence from trial. The Motion is GRANTED in part, and DENIED in part.

## DISCUSSION

**A.** **"Any statements of any person considered to be a co-conspirators, or co-schemers, whether named or not named in the Indictment."**

Defendant is correct that statements made by co-conspirators should not be admitted under FRE 801(d)(2)(e) absent corroborating evidence of the existence of a conspiracy. In its response, the Government announces its intention to call as witnesses at trial all the alleged "co-schemers" except for Rogers' wife. If any of these witnesses become unavailable and the Government wishes to elicit statements made by the unavailable co-schemers through other witnesses, the Government is ordered to raise that possibility to the Court prior to eliciting such testimony so that argument on the issue can be made outside of the presence of the jury. Therefore, to the extent that he asks the Court to categorically exclude such testimony prior to trial, Rogers' motion is DENIED.

1

**B.**  **"Any extrinsic/extraneous offenses, wrongs, or acts of misconduct alleged to have been committed by or engaged in any way by the defendant without first approaching the Court and obtaining a ruling from the Court outside the presence and hearing of the jury in regard to any alleged theory of admissibility. Fed. R. Evid. 403, 404."**

The Government has agreed to—and is ordered to— obtain a ruling from the Court outside the presence of the jury prior to introducing any such evidence. Rogers' motion is therefore GRANTED.

**C.**  **"Any mention, reference to, or evidence regarding Rogers or any other person causing any fire to be set; any mention, reference to, or evidence regarding arson."**

Rogers asks that this evidence be excluded because "absolutely no evidence as to the origin of the fires alleged in Counts 1, 2, or 3, nor any evidence that he or anyone else caused any fire or had any involvement in the fires whatsoever, has been provided to the undersigned." (Def.'s Mot. at 3.) Rogers, however, has failed to establish that the proper request for disclosure of such evidence was made pursuant to Fed. R. Crim. P. 16. Therefore, the Court is unable to categorically exclude such evidence prior to trial. Should the Government seek to introduce such evidence, counsel for Rogers is free to make appropriate objections at that time. Rogers' motion to categorically exclude this testimony prior to trial is therefore DENIED.

**D.**  **"Evidence of any statements made by Kathy Rogers to officers or agents at any time."**

Should Kathy Rogers in fact invoke the spousal privilege, rendering her unavailable, the Government is ordered to refrain from introducing any evidence regarding statements made by her while being interrogated by law enforcement agents. *See Crawford v. Washington*, 541 U.S. 36 (2004) (out-of-court statements that qualify as testimonial, and thus that are not admissible under the Confrontation Clause—unless witness is unavailable and defendant had prior opportunity to

cross examine witness—include statements elicited during police interrogations). Rogers' motion to exclude this testimony is therefore GRANTED.

**E.** **"Evidence of any conversations or communications between Kathy Rogers and Rogers during the course of their marriage."**

The Government has agreed to—and is ordered to— refrain from introducing any testimony falling within the confidential communications privilege. See *U.S. v. Knox*, 124 F.3d 1360, 1365 (10th Cir. 1997) (recognizing defendant-spouse's right to invoke privilege as to confidential communications made between husband and wife during the course of a valid marriage). Rogers' motion to exclude this testimony is therefore GRANTED.

**F.** **"Any speculation or argument about the substance of the testimony of any witness who is absent or unavailable, or whom Plaintiff did not call to testify, and any reference to the fact that Rogers failed to call any particular witness or witnesses to testify."**

The Government has agreed to not make any such argument "unless the defendant first raises the issue." (Gov't's Resp. at 3.) Should the issue be raised, Rogers is reminded there is no general rule against such argument. *See United States v. Gomez-Olivas*, 897 F.2d 500, 503 (10th Cir.1990) ("Although a prosecutor may not comment on a defendant's decision to refrain from testifying, he is otherwise free to comment on the defendant's failure to call certain witnesses or present certain testimony."); *But see United States v. Miller*, 460 F.2d 582, 588 (10th Cir.1972) ("If the government knows a witness would invoke [a] privilege if called to testify, the government cannot remark upon the defendant's failure to call such a witness."). Therefore, should the issue be raised, any objections as to specific arguments should be made at trial. Rogers' motion to exclude this testimony is therefore DENIED.

## CONCLUSION

For the reasons set forth herein, Rogers' Motion in Limine is GRANTED in part, and DENIED in part.

IT IS SO ORDERED this 12th day of December, 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma